OTTA, JJ.
Before REGAN, SAMUEL and GUL-REGAN, Judge.
Plaintiff, Ray Miecznikowski, filed this suit to compel the defendant, Plantation Fried Chicken, to return to him the sum of $743.15 which represents the balance of an unapplied advance rental deposit. Plaintiff explained that he originally deposited $2,500.00 to guarantee his lessor payment of the rent, and when he was finally evicted, the lessor still retained the sum he now sues to recover.
Defendant answered and denied that the plaintiff was entitled to the return of the balance of the deposit. It then reconvened for $3,000.00 in damages it alleged it had incurred as a result of plaintiff’s breaching numerous provisions contained in the lease.
From a judgment dismissing plaintiff’s suit and awarding defendant $1,800.00 on the reconventional demand, the plaintiff has prosecuted this appeal.
The record discloses that the litigants entered into a lease agreement on July 7, 1970 whereunder plaintiff agreed to operate a Plantation Fried Chicken restaurant on a seven-day-per-week basis in 3540 General Meyer Avenue in the City of New Orleans. Defendant was to receive thirty percent of the gross receipts as its monthly rental; however, plaintiff was obligated to pay a minimum of $1,000.00 monthly. Upon signing the lease plaintiff deposited $2,500.00 with the lessor to be held as a reserve to insure payment of future rent. Plaintiff operated the business at a loss for approximately six months and on January 22, 1971, at the request of the defendant, he vacated the premises and turned over all the equipment to one of the defendant’s agents. It is not disputed that at the time plaintiff was evicted all past due rent to-talled $1,757.00 and there remained a balance of $743.15 of the original deposit.
Defendant urged three separate reasons for retaining' the remainder of the deposit in addition to recovering damages prayed for in the reconventional demand, namely: (1) Plaintiff operated six-days-per-week rather than seven-days-per-week as required by the lease; (2) Plaintiff falsified the gross receipts in order to defraud the defendant; and (3) on vacating the premises defendant was required to expend $300.00 to clean and repair the equipment.
An analysis of the record reflects that the defendant failed to establish by a preponderance of the evidence that it suffered any, damages whatsoever. It is true plaintiff, after working on a daily basis for two months, began closing his restaurant one day per week. Although it is disputed whether this was done with or without defendant’s consent, it is not essential to determine this fact since the defendant failed to prove that it incurred monetary damage as a result of the closing. Likewise, the charge of fraud by underreport-ing cash receipts remained an unproved allegation after the trial. We cannot accede to defendant’s demand that we find fraud existed simply because plaintiff had a cash register reset key in his possession. The lessor was unaware that the plaintiff had the reset key until the premises were vacated. But this fact, in itself, is insufficient to serve as a basis for damages, absent the proof of a monetary loss, or that plaintiff used the key for fraudulent purposes. Finally, the defendant sought to obtain $300.00 as the cost incurred by it to clean the restaurant after the plaintiff had vacated the premises.
Ray Crain, one of defendant’s representatives, accepted the keys and inventoried the contents after the plaintiff vacated. He described the premises as being in “fair” condition. Crain related that he and another worker cleaned the premises within twelve or fourteen hours. There is no evidence that any of the equipment had not been maintained. The lease simply requires the lessee to keep and maintain the equipment in good working order. Nothing is stated therein relative to which party bears the expense of cleaning the premises when the lease is terminated. The evi *349 dence establishes that the vacated premises were reasonably clean. Therefore we conclude that the minimal expenses the lessor paid to refurbish the premises are not chargeable to the lessee.
In summary, we find that it is not disputed that the defendant has retained the balance of the plaintiff’s deposit, that is, the sum of $743.15. Further we are convinced that the defendant has adduced no evidence to establish damages entitling it to an offset for any reason, tif' the foregoing amount, or to a judgment in reconvention.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Ray Miecznikowski, and against the defendant, Plantation Fried Chicken Corporation, in the sum of $743.15, with legal interest from judicial demand. Defendant is to pay all costs of this litigation.
Reversed and rendered.